DAVID A. HUBBERT
Deputy Assistant Attorney General

LANDON YOST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Phone: 202-307-2144
Fax: 202-307-0054
Landon.M.Yost@usdoj.gov

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM L. GIFFORD; MILL CREEK POWER, LTD.,<br><br>Defendant. | Case No. 23-cv-329-JAD-BNW<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Pursuant to FRCP 26(f) and LR 26-1, Plaintiff United States of America and Defendant William L. Gifford (collectively, the "Parties"), by and through their counsel of record, conducted a 26(f) conference on May 15, 2023, and hereby submit their Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rules of Civil Procedure 16 and 26, as well as Local Rules 16-1 and 26-1.[1]

**L.R. 26-1(b) Applicable Deadlines**

(1)  <u>Discovery Cut Off Date</u>. Defendant Gifford answered the complaint on March 27, 2023. The discovery cut-off date is 180 days from this date, or **Monday, September 25, 2023**.

---

[1] Despite being served on April 13, 2023, Defendant Mill Creek Power, Ltd. has not filed an answer or other response to the complaint. The due date for such a response was May 4, 2023.

1

(2) **Amending the Pleadings and Adding Parties.** Motions to amend pleadings and motions to add parties shall be made no later than 90 days before the close of discovery, i.e., by **Tuesday, June 27, 2023**.

(3) **Expert Witness Disclosures.** The disclosure of any expert witnesses shall be made 60 days before the discovery deadline: **Thursday, July 27, 2023**. The disclosures of any rebuttal experts shall be no later than: **Monday, August 28, 2023**. The requirements of FRCP 26(a)(2)(B) shall apply to any such disclosures.

(4) **Dispositive Motions.** Dispositive motions shall be filed no later than 30 days after the discovery cut-off date: **Wednesday, October 25, 2023.**

(5) **Pretrial Order.** The Joint Pretrial Order (including FRCP 26(a)(3) disclosures by the Parties) shall be filed no later than 30 days after the Dispositive Motion Deadline: **Friday, November 24, 2023**. However, in the event that dispositive motions are filed, the date for filing the Joint Pretrial Order (including FRCP 26(a)(3) disclosures by the Parties) shall be suspended until 30 days after a decision on the dispositive motions or further order of the Court. Also, once the Parties' FRCP 26(a)(3) disclosures are made, the Parties' objections, if any, to the disclosures shall be made no later than 14 days after the disclosures are made in conformity with FRCP 26(a)(3)(B).

(6) **Alternative Dispute Resolution.** The Parties certify that, as part of the Discovery Conference on May 15, 2023, counsel met and conferred regarding the possibility of using alternative dispute-resolution (ADR) processes including mediation, arbitration, and early neutral evaluation. As a result of those discussions, the Parties agreed that a decision about ADR should be deferred until after the parties have conducted the majority of their anticipated discovery.

(7) **Alternative Forms of Case Disposition.** The Parties certify that their counsel also met and conferred regarding trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01). The Parties did not reach an agreement to submit to trial with the United States Magistrate Judge pursuant to 28

U.S.C. § 636(c). Moreover, the Parties do not consent to using the Short Trial Program pursuant to General Order 2013-01.

(8)     <u>Electronic Evidence</u>. The Parties herein certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Discovery has not yet commenced. Accordingly, the Parties request that a final determination be reserved for the Pretrial Order. The Parties have stipulated to providing discovery in an electronic format compatible with the court's electronic jury evidence display system should it be determined that such discovery will be used.

**FRCP 26(f)(3) Discovery Plan**

(A)     The Parties shall make their initial disclosures within thirty days from the date of the Rule 26(f) conference - on or before **Wednesday, June 14, 2023.**

(B)     The Parties shall conduct discovery on all claims and affirmative defenses pursuant to the Federal Rules of Civil Procedure. Discovery will include interrogatories, requests for production of documents, requests for admission, depositions, and third-party subpoenas. Discovery does not need to be conducted in phases or limited or focused on particular issues.

(C)    There are no anticipated issues as to disclosure, discovery, or preservation of electronically stored information. The Parties agree on the following:

- The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. Each party must take reasonable measures to ensure the preservation of all potentially relevant documents, data compilations, and tangible things that are in its possession, custody, or control, and shall ensure such discoverable information is reasonably available to the other parties. This duty includes the preservation and availability of electronically-stored information (ESI).
- Data compilations, photographs, ESI and other documents will be produced in portable document format (PDF) whenever possible, but the Parties will make such information available in its native electronic format when reasonably

possible upon a showing of good cause. Tangible things will be preserved, identified, and made available for inspection.

- The parties agree that the following categories of ESI need not be preserved:

  - Deleted, slack, fragmented, or other data only accessible by forensics.
  - Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
  - On-line access data such as temporary internet files, history, cache, cookies, and the like.
  - Data in metadata fields that are frequently updated automatically, such as last-opened dates
  - Back-up data that are substantially duplicative of data that are more accessible elsewhere.
  - Server, system or network logs.
  - Data remaining from systems no longer in use that is unintelligible on the systems in use.
  - Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

(D) There are no known issues as to claims of privilege or protection. The Parties agree on the following:

- Upon opening of discovery, the Parties have agreed to work together to protect reasonable claims of attorney-client privilege, work product privilege, and other privileges that are asserted after production. Data compilations, photographs, ESI and other documents are being produced with the understanding that any work product, attorney-client privilege, confidential, private, personal, trade secret, or proprietary information or material which may be inadvertently disclosed shall not lose any such privilege or other applicable protection for the information or subject matter inadvertently disclosed so long as the party making the inadvertent disclosure promptly notifies the other parties as soon as it becomes aware of the disclosure. In the event that any party finds any inadvertently-disclosed information, including without limitation electronically-imbedded information and metadata, that party shall immediately notify the disclosing party and return, sequester, or destroy any copies. Should the disclosing party discover that protected information was inadvertently disclosed, upon written notice to any

receiving party, the receiving party shall likewise return, sequester, or destroy any copies. Notwithstanding the above, the Parties will take reasonable precautions to avoid inadvertent disclosure.

    (E)   No changes should be made in the limitations of discovery imposed under Federal Rules of Civil Procedure or local rules.

    (F)   There are no other issues that the court should consider at this time.

Dated this 25th day of May, 2023.

| NARDIELLO TURANCHIK LLP | U.S. DEPT. OF JUSTICE, TAX DIVISION |
|---|---|
| KAEDIAN LLP | |
| By /s/ Chad D. Nardiello<br>CHAD D. NARDIELLO<br>NANNINA ANGIONI<br>*Attorneys for William L. Gifford* | By /s/ Landon Yost<br>LANDON YOST<br>*Counsel for the United States* |

### SCHEDULING ORDER

After full consideration of the above, the Court hereby orders that the Discovery Plan and Scheduling Order shall be the Scheduling Order of this Court.

**IT IS SO ORDERED.**

DATED: __May 29__, 2023.

_____
THE HONORABLE BRENDA WEKSLER

5